IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE RYAN HACKNEY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br><br>Case No. 1:15-CR-68 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Jesse Ryan Hackney's Motion for Sentence Reduction.  For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant pleaded guilty to conspiracy to distribute methamphetamine in February 2016. On May 18, 2016, he was sentenced to a term of 120 months' imprisonment to be followed by a 60-month term of supervised release.  Defendant has served nearly 5 years of his sentence and has a scheduled release date in 2024.  He now seeks to reduce his sentence to time served based on his health conditions and the COVID-19 pandemic.

II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. §

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

1

3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision. The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: (1) extraordinary and compelling reasons warrant release; (2) the defendant is not a danger to the safety of any other person or to the community; and (3) the reduction is consistent with the policy statement.[2]

The Court finds that Defendant is a danger to the community and his release fails to comport with the § 3553(a) factors. Therefore, even assuming he has demonstrated extraordinary and compelling reasons for release, his Motion must be denied.

The Sentencing Commission directs the Court to consider whether Defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). To determine whether a Defendant is a danger to the safety of any other person or the community under this provision, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm . . . ;

---

[2] U.S.S.G. § 1B1.13.

2

  (2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[3]

  Defendant's conduct here and his prior history demonstrate that he is a risk to the community. Defendant was arrested after arranging the sale of a large quantity of methamphetamine to an undercover officer. A loaded firearm was found in the vehicle in which Defendant was a passenger, though he denied knowledge of the weapon. This was not the first time that Defendant has been found in possession of narcotics and dangerous weapons. Such conduct raises serious concerns.

  Defendant also has a lengthy criminal history, including a history of failing to appear and failing to comply with court orders. Based upon this prior history, the Court retains serious doubts about Defendant's willingness to comply with any conditions of release that might be imposed upon him.

  Finally, Defendant has a long history of substance abuse for which he needs treatment. Much of Defendant's criminal history is related to his addiction issues, and it seems likely that he will engage in similar conduct unless he receives adequate treatment. While Defendant has yet to participate in RDAP, it is likely that he will be able to do so in the future.

---

[3] 18 U.S.C. § 3142(g).

The Court is sympathetic to Defendant's concerns, but he has failed to demonstrate that he does not pose a danger or that his release is consistent with the § 3553(a) factors.  Under the § 3142(g) factors, Defendant presents a danger to the community.  Continued confinement is also necessary to reflect the seriousness of this offense, promote respect for the law in this Defendant and others, provide just punishment, afford deterrence, protect the public, and provide treatment.  Moreover, it appears that Defendant is receiving adequate medical care while in custody, including being regularly tested for COVID-19.  Based upon these consideration, Defendant's request for release will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 50) is DENIED.

DATED this 1st day of December, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge